PELLICIER, APPELLANT, v. FERNÁNDEZ, RESPONDENT.

APPEAL from the District Court of San Juan, Section 1.

No. 843.—Decided February 14, 1913.

CONTRACTS—DECEIT.—The trial court did not err in the case at bar in deciding that no deceit had been practiced in the execution of the contract in litigation.

CONTRACTS—FRAUD—ILLITERACY.—If one person enters into a verbal contract with another in the absence of any specially confidential relations between them and the latter reduces the agreement to writing and the former signs it without reading it, or after it is read to him by another person, both parties having the same means of acquainting themselves with the contents of the written contract, said party is bound by and subject to all the liabilities arising from said contract unless fraud has been practiced, even though the terms thereof differ from the verbal contract entered into, and the fact that the contracting party is illiterate does not change this rule.

ID.—RATIFICATION OF CONTRACT—EVIDENCE.—When one contracting party attacks the contract as null and void the fact that he had offered to sell the house which is the object of the contract is admissible in evidence to show the performance of acts tending to ratify the contract attacked.

CONTRADICTORY EVIDENCE—SPECIFIC FINDINGS.—Where the evidence is contradictory and one of the parties desires the court to decide specifically whether the testimony of one of the parties has been considered worthy of belief, he should request this during the trial.

JUDGMENTS—BASIS OF JUDGMENT—ERROR IN REASONING.—If a judgment is in accordance with law, although the reasons on which it is based are erroneous, it will not be reversed on appeal for that reason.

The facts are stated in the opinion.

*Mr. T. D. Mott, Jr.,* for appellant.

*Messrs. Bosch & Soto* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The object of this suit is to nullify a deed of conveyance and a mortgage and to cancel the registration of the same,

and to recover one thousand eight hundred dollars ($1,800) which had been paid by the plaintiff to defendant as a part of the purchase money for the property mentioned in the conveyance and interest thereon, and for costs, disbursements and attorneys fees. The complaint was filed on the 21st of April, 1911. A general demurrer was duly presented and overruled and afterwards on the 1st of May an answer was filed containing admissions, denials and new matter, and issue joined.

The trial of the case followed on the 23rd of October and it was, when the evidence had been concluded, submitted on briefs of both parties.

On the 15th of November, 1911, the district court rendered a judgment reciting the preliminary matters and concluding in the following terms:

"Whereupon the court, having due regard to the pleadings, evidence, and briefs, dismisses the complaint and refuses to order the annulment of the deeds of sale and mortgage, numbered 27 and 28, executed the 17th day of January, 1911, before the Notary Don Julio César González, or to comply with the other requests embodied in said complaint, each party to pay its own costs."

In due time the plaintiff took an appeal from this judgment and filed the transcript in this Supreme Court. After numerous delays from various causes, the case was heard here on the 5th of December last and taken under advisement, with leave to the parties to file supplementary briefs; with which the appellant complied.

The issues may be deduced from the propositions stated in the respective briefs. The appellant, through her counsel, specifies five errors, which she alleges to have been committed in the rendition of the judgment by the court below. They are substantially as follows:

1. The court below was in error in not deciding upon the question of fact; that is to say, whether or not there had been deceit in the transaction involving the purchase-sale of the

house in dispute; in other words, failure to decide whether the statement of the plaintiff in regard to the facts referred to by her, constitutive of the alleged deceit, was true or not.

2. The court below was in error in its juridical estimation of, and in the legal value it attached to, the statement of Attorney de la Torre, witness for the defendant.

3. The court below was in error in deciding that the plaintiff was not justified at law in confiding in the absolute statements made by the seller relative to the extension of the front of the house offered for sale and also relative to the total extension of the said house.

4. The court below erred in deciding that once the deed had been read to the plaintiff in her hearing and had been accepted by her, and signed for her by another person at her request on account of her inability to write, the said plaintiff was barred from rescinding the contract and recovering the price paid, even though the description of the property as set out in the deed should be different from that which had been shown to her by the seller, for the reason that she had failed to avail herself of the means she had at her command to discover the truth.

5. The court erred in deciding as a matter of law that the plaintiff was bound by the deed of bargain and sale, once that it had been signed by her, or her signature affixed by some one authorized by her, even though deceit had been practiced in connection with the description of the property sold and even if she had been sold a different property from that which had been previously pointed out to her by the seller and which she believed to be that described in the deed of conveyance.

The respondent on the other hand states the questions at issue substantially as follows:

1. Has there been any deceit or error?

2. Has the plaintiff, subsequently to the execution of the deed of conveyance, performed any act that would show her conformity therewith, tacitly or impliedly renouncing or fore-

going her right of action, with knowledge of the causes that would tend to annul the same?

3. Are the facts, as set forth in the complaint, sufficient to constitute a cause of action?

The first two points presented by each party involve matters of fact; and are virtually different ways of reviewing the same questions. The first of these involves the issue of deceit. The appellant complains that the trial court did not make a special finding in regard to the matter of deceit. The respondent merely states the question as to whether or not there was any deceit shown on the trial. The court in effect found that there was no deceit in the transaction, and incidentally and necessarily that the statement of the plaintiff to the contrary was not credible, in view of the contradictory testimony. If the plaintiff wished a more specific finding on this point she should have requested it on the trial. Reviewing the conflicting testimony on this point we cannot say that the trial court erred in holding that no deceit was shown by the evidence taken all together.

The second question of fact refers to the offer made by the plaintiff to sell the property in controversy to the witness de la Torre. There is no doubt that the offer was made and the juridical estimate placed on the testimony of the witness de la Torre does not clearly appear from the record. But we think the trial court was justified in regarding it as a circumstance, to be considered with the other testimony, in arriving at a conclusion as to truth or falsity of the essential allegations made in the complaint. This is what was done by the court, in the matter referred to, and nothing more.

The remaining points presented involve questions of law, and the third, fourth and fifth of those made by the appellant are summarized in the third suggested by the respondent. We cannot say that the manner in which the appellant states these questions is exactly justified by the record. The trial court did not necessarily decide that the plaintiff was not

justified in believing the representations alleged to have been
made by the defendant; but rather held that such represen-
tations were never made; the testimony of the parties being
directly contradictory on that point, and the court giving cre-
dence to the evidence offered by the defendant.

The fourth and fifth propositions of the appellant may be
considered together and in effect attack the doctrine an-
nounced in *Hawkins* v. *Hawkins,* 50 Cal., 558. That decision
is to the following effect:

"If a person enters into a contract with another, between whom
and himself no relation of special trust or confidence exists, and it
is reduced to writing by such other person, and the means of a
knowledge of the terms of the writing are equally open to both, and
he signs it without reading, or having it read by some one for him,
he cannot avoid a liability created by the writing, even if its terms
differ from the contract as agreed on verbally. The fact that he is
illiterate does not change the rule."

In our view this proposition in the absence of fraud cor-
rectly announces the rule of law applicable to this case, and
the trial court was justified in following it in the judgment
rendered.

In regard to the sufficiency of the complaint, as that ques-
tion is presented by the respondent, it is unnecessary to de-
cide, since the court below based its judgment on the facts, as
shown by the evidence, and on the insufficiency of the proof
to sustain the allegations made in the complaint. The ruling
on the demurrer being in favor of the appellant she of course
does not raise the question of its correctness in this court.
But there is no reason shown to hold the complaint insuf-
ficient.

The evidence introduced on the trial is, in nearly all the
material points, entirely contradictory and absolutely irrecon-
cilable. The testimony of the plaintiff substantially supports
the allegations of her complaint, but it is completely refuted
by that of the defendant and several other witnesses. The

trial court not being able to reconcile the conflicting statements of the several witnesses, was compelled to accept the statements made by those on one side and reject the others. Exercising this discretion, credence was given to the testimoney offered by the defendant.

The trial judge in his "opinion" recites from the testimony the following items, to wit: "The plaintiff, Luisa Pellicier, declares that the defendant as well as Juan Díaz took her to the house, in connection with which this suit is brought, and showed her the front thereof, extending to the streets of San Sebastián and Tanca, offering to sell her the entire property, that is to say that comprising three doors on the first mentioned and three doors on the last mentioned, street, telling her at the same time that the house brought a monthly rental of ($40) forty dollars." Then, after discussing the questions presented, the trial court, on the authority of *Hawkins* v. *Hawkins,* 50 Cal., 558, decided the case in favor of the defendant.

Whatever may have been the views of the trial court as to the law and the evidence, to which objection is made by the appellant in the assignment of errors, if the result attained was correct, we cannot disregard the reasons on which it was based. It is the judgment from which the appeal was taken that we have to consider and, if erroneous, to correct, and we are not greatly concerned with the disquisitions made by the trial judge on the law and the facts, as falling under his consideration.

Then, taking up the questions as presented by the respondent, we must conclude from the record:

First. That the facts as set forth in the complaint were sufficient to constitute a cause of action, and if proven to the satisfaction of the trial judge would warrant a judgment in favor of the plaintiff. But they were not so proven, or at least if they were established *prima facie* by the testimony of the plaintiff herself, this effect was destroyed by the evidence introduced on behalf of the defendant.

Second. We must also hold that the plaintiff certainly, after executing the deed of conveyance and the mortgage, performed certain acts showing her conformity therewith, such as offering the same for sale and so forth. But this point is immaterial if the sale was fairly made and the defendant was innocent of any fraud and there was no mistake shown by the evidence.

Third. There has been no deceit proven to have existed on the part of the defendant nor is any error apparent which would justify a recision of the sale. We search the record in vain for any credible evidence of fraud or mistake.

The trial court had before it all the witnesses, and finding the evidence on all the material points irreconcilably conflicting, in the exercise of a sound judicial discretion, elected to receive as true that of the defendant. We cannot say that in this particular the decision was erroneous. Hence the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.